In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2863

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT HOSLER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 18 CR 133 — **James D. Peterson**, *Chief Judge.*

ARGUED MAY 22, 2020 — DECIDED JULY 21, 2020

Before BAUER, EASTERBROOK, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Robert Hosler was convicted after a bench trial of using a facility or means of interstate commerce to attempt to "persuade[], induce[], entice[], or coerce[]" a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The charge stemmed from Hosler's communications over a period of several weeks with an undercover police detective posing as a mother offering her 12-year-old daughter for sex in exchange for money. Hosler argues that

his conduct did not meet the requirements of the statute because he did not attempt to transform or overcome the supposed minor's will. Finding a sufficient basis in the record for Hosler's conviction, we affirm the district court's judgment.

**I**

In August 2018, Hosler responded to a post on the dark-web site Palfinder purporting to advertise the opportunity for sex with a young girl. The post was a law-enforcement lure. Detective Wade Beardsley of the Eau Claire, Wisconsin, police department created the advertisement, pretending to be a mother, "Amanda Pearson," offering her 12-year-old daughter, "Gracie," for sex in exchange for money or in a swap for other young girls. Hosler was interested in a sexual relationship with Gracie and responded via email and text message with Amanda to arrange a meeting. On September 6, 2018, Hosler traveled from his home in Texas to Eau Claire. He was arrested at the planned meeting location.

Hosler wound up with charges for child enticement, in violation of 18 U.S.C. § 2422(b); interstate travel for the purpose of engaging in illicit sexual activity, in violation of 18 U.S.C. § 2423(b); and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). He waived a jury and proceeded to a bench trial on the enticement and travel charges. Following the close of the government's case, Hosler moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal on the child enticement charge, arguing that the government had not proven the required elements of the statute. The district court denied the motion and ultimately found him guilty of both charges. He then pleaded

guilty to the child pornography charge, and the court sentenced him to concurrent terms of 120 months in prison on each of the three counts.

## II

Hosler's appeal is limited to his conviction. We approach both the district court's denial of his Rule 29 motion for judgment of acquittal on the child enticement charge and the guilty verdict following a bench trial *de novo*, construing the evidence in the light most favorable to the government. *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010). We will reverse only if "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.* Hosler does not dispute the facts. Our analysis thus turns solely on the legal question whether Hosler's communications with the detective to arrange sex with Gracie fit the terms of the statute of conviction, 18 U.S.C. § 2422.

Section 2422(b) reads as follows:

Whoever, using the mail or any facility or means of interstate or foreign commerce … knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). The terms "persuades," "induces," "entices," and "coerces" are not defined.

The "essence of the crime is attempting to obtain the minor's assent" to sexual activity. *United States v. McMillan*, 744 F.3d 1033, 1036 (7th Cir. 2014). This can be accomplished by

communicating either directly with the minor or through a parent or other intermediary. *Id.* It is sufficient for conviction if the defendant makes a "direct attempt to use the parent as an intermediary to convey the defendant's message to the child." *Id*. (citing *United States v. Spurlock*, 495 F.3d 1011 (8th Cir. 2007); *United States v. Berk*, 652 F.3d 132 (1st Cir. 2011)).

In the course of their communications, Hosler and Amanda discussed Gracie's sexual experience and preferences, the sexual acts in which Hosler was interested and Gracie was willing to perform, and the potential for a continuing relationship. At one point, Hosler asked to communicate directly with Gracie, but Amanda demurred. In addition, and most relevant to Hosler's intent to persuade or entice, Hosler attempted to assuage Amanda's concerns about his suitability as a sexual partner for Gracie, offered to bring gifts that Gracie would like, and asked about Gracie's awareness of and reaction to Hosler's interest. When Amanda told him that Gracie was not "overly fond of obese men," he assured her that he was not obese. When Amanda said that Gracie would love a princess dress, Hosler purchased one for her and asked to hear Gracie's reaction to news of the dress and Hosler's visit. On several occasions he said things such as, "I want her to want this," "I don't want this to be just physical or anything like that," and "I want her to do it because she wants to, not because she has to or is forced to."

Hosler argues that no trier of fact could conclude that any of these communications was intended to portray him as an attractive sexual partner to Gracie and to gain her assent to sexual activity with him. He urges that Gracie's "mind was already made up" and she needed no enticing; he was merely

a willing participant who responded to Gracie's pre-existing, fully-formed sexual desires.

Even if Hosler's messages are susceptible to such an interpretation, it is hardly the only reasonable one. We defer to the district court's judgment unless it was plainly irrational for the judge to interpret Hosler's messages as trying to win Gracie's favor. That standard is not met here. See, *e.g.*, *United States v. Cramer*, 789 F. App'x 153, 154 (11th Cir. 2019) (evidence sufficient where the defendant asked about the child's sexual history and what she wanted to do, and said he would not hurt her and did not want to surprise her); *United States v. Roman*, 795 F.3d 511, 518 (6th Cir. 2015) (evidence sufficient where the defendant tried to achieve the minor's assent to sexual activity by asking the father if he had told the minor about the defendant, asking whether she was ready to engage in sexual acts, seeking to find out what she liked sexually, and expressing a desire that she be comfortable with him before attempting any sexual conduct with her); *McMillan*, 744 F.3d at 1037 (evidence sufficient to support conviction where the defendant asked, among other things, if he could communicate directly with the minor daughter and if the father had talked to the daughter about the proposed sexual activity); *Berk*, 652 F.3d at 140 (evidence sufficient where the defendant spoke with a person he thought was the father of a minor daughter about "renting out" the daughter and requested to know what the daughter thought about the idea); *cf. United States v. Vinton*, 946 F.3d 847, 854–55 (6th Cir. 2020) (reversing the district court's dismissal of a section 2422 charge where the defendant, among other things, asked about sex acts a minor would perform, requested a photo exchange, and asked

the "mother" for advice on how to be gentle with the daughter and ensure that she enjoyed the sexual encounter).

### III

The evidence was sufficient to support Hosler's conviction for attempting to persuade or entice a minor into a sexual relationship, in violation of 18 U.S.C. § 2422(b). We therefore AFFIRM the judgment of the district court.