In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 22-1877

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL J. BAIRD,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Illinois.
No. 20-cr-40043 — **J. Phil Gilbert**, *Judge.*

_____

ARGUED OCTOBER 28, 2022 — DECIDED JUNE 7, 2023

_____

Before SCUDDER, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Michael Baird responded to an online FBI sting operation advertising the opportunity to have sex with a ten-year-old girl. Believing the ad's author was the child's father, Baird discussed his desired sexual activity in graphic detail and also offered to bring the child candy as a gift. Baird drove to the agreed-upon meeting place later that day only to encounter the FBI and find himself under arrest.

Federal charges followed under 18 U.S.C. § 2422(b) for attempted enticement of a minor. The district court held a one-day bench trial and found Baird guilty. We conclude that the evidence was sufficient to convict and affirm.

**I**

A

On April 28, 2020, FBI Agent Brian Wainscott posted an ad on Craigslist that hinted at an opportunity to engage in sexual activity with a minor. Baird responded to the post during the middle of the night on May 4. Agent Wainscott, posing as a man named Codey, claimed to be the father of a ten-year-old girl with whom Baird could have sex. Baird expressed interest, which prompted a flurry of emails and texts over the next thirteen hours discussing the opportunity.

Suffice it to say the exchanges between Baird and Wainscott were graphic in the extreme. Baird left no doubt about his desire to have sex with the ten-year-old girl. Eventually the conversation turned to logistical details. Beyond discussing where and when to meet, Agent Wainscott suggested that Baird bring gummy bears as a gift for the child. Baird agreed to buy the candy on his way over. He then drove to the address that Wainscott gave him later that afternoon. Law enforcement observed Baird park two houses away from the designated address. The agents arrested Baird and found three packages of gummy bears in his car.

B

The federal indictment followed in June 2020. After stipulating to all of the evidence, Baird opted for a bench trial on the briefs one year later in June 2021. The district court found

him guilty of attempted enticement of a minor in violation of § 2422(b).

In its written decision, the district court focused on whether Baird had attempted to "knowingly persuade, induce, entice, or coerce" a minor, as required by § 2422(b). The district court concluded that Baird had done so because he "inquired into what this child liked sexually, indicated what he liked and what he would do sexually to this child, requested photographs of the child and continued to engage the father in conversations about the child." These messages—although conveyed to Agent Wainscott posing as the girl's father—still fell within the scope of § 2422(b). See *United States v. McMillan*, 744 F.3d 1033, 1036 (7th Cir. 2014). The district court also found the intended gift to be a significant piece of evidence. By bringing candy that the child supposedly liked to the planned sexual encounter, Baird had purchased an item that he intended to use to entice her. All of this sufficed, the district court concluded, to prove a violation of § 2422(b).

In May 2022 the district court sentenced Baird to 188 months' imprisonment. Baird now appeals.

## II

### A

The government charged Baird with attempt under the following provision:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to

engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). To prove an attempt, the government had to establish that Baird "took a substantial step towards completion of the offense." *United States v. Coté*, 504 F.3d 682, 687 (7th Cir. 2007). "A substantial step occurs when a person's actions make it reasonably clear that had he not been interrupted or made a mistake, he would have completed the crime." *United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011).

We determined in *McMillan* that the government can prove an attempt under § 2422(b) even when the defendant communicates only with an intermediary—for example, an undercover law enforcement officer. See 744 F.3d at 1036. But the nature and content of the communication is of the utmost importance because § 2422(b) is not a catchall for punishing sexual misconduct involving children. Indeed, Congress has protected children through a range of substantive federal criminal provisions. See, *e.g.*, 18 U.S.C. § 1466A ("Obscene visual representations of the sexual abuse of children"); 18 U.S.C. § 2241(c) ("Aggravated sexual abuse"); 18 U.S.C. § 2251 ("Sexual exploitation of children"); 18 U.S.C. § 2252A ("Certain activities relating to material constituting or containing child pornography"); 18 U.S.C. § 2423 ("Transportation of minors").

A defendant violates § 2422(b) only when he "knowingly persuades, induces, entices, or coerces" a minor or attempts to do so. Proving an intermediary-based attempt under this

provision therefore requires the government to offer evidence of "the defendant's effect (or attempted effect) on the child's mind." *McMillan*, 744 F.3d at 1036. A defendant who manifests an intent to engage in sexual activity with a minor through an intermediary and takes a step to influence the child to submit to that activity is guilty of attempt under § 2422(b).

We recently found this test satisfied in *United States v. Hosler*, 966 F.3d 690 (7th Cir. 2020). Robert Hosler responded to an online law enforcement sting advertising the opportunity to have sex with a young girl. Hosler subsequently communicated with an undercover police detective posing as the mother of a twelve-year-old daughter. His messages confirmed his desire to have sex with the minor and evidenced his attempts to influence her to submit to the sexual activity: he sought to communicate directly with the child, asked whether the child was aware of his interest, and, after purchasing a dress for the child, inquired about her reaction to the news of the gift. See *id.* at 691–93. This evidence sufficed to affirm Hosler's conviction for attempt under § 2422(b) because the "'essence of the crime is attempting to obtain the minor's assent' to sexual activity." *Id.* at 692 (quoting *McMillan*, 744 F.3d at 1036).

B

Baird challenges the sufficiency of the evidence underlying his conviction. He contends that no rational trier of fact could construe the evidence, even when viewing it in the light most favorable to the government, as sufficient to support the verdict. See *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We disagree. The district judge, sitting as the trier of fact in Baird's bench trial, reasonably concluded that Baird

knowingly used a means of interstate commerce to take a substantial step toward influencing the child to submit to illicit sexual activity.

Begin with the graphic discussion between Baird and Agent Wainscott. Baird described his desired sexual activity in such lewd detail that we are left with little doubt about his predilections. But merely talking about sexual activity with an adult intermediary does not necessarily establish an attempt to influence the child into submitting to that activity. The evidence must go further and show that the defendant's conversation with the intermediary not only entailed arranging a sexual encounter but also had some "attempted effect[ ] on the child's mind." *McMillan*, 744 F.3d at 1036. Consider, for example, that unlike the defendant in *Hosler*, Baird did not request to talk directly with the child, nor did he inquire about the child's awareness of his interest. See *Hosler*, 966 F.3d at 693.

What pushed the government's case over the line is Baird's specific exchange with Agent Wainscott about presenting the child with a gift as a way to break the ice and gain her favor. Here is the relevant excerpt of the conversation:

> Wainscott: Yep, she loves gummi bears would be a great start
>
> Baird: For sure … Certain flavor or type
>
> Wainscott: just not those hard no flavor ones
>
> Baird: Gotcha [thumbs up emoji]

We agree with the district court that this exchange supplied key evidence. This back-and-forth, though brief, shows that the desired sexual encounter Baird described in other

portions of his communications was more than just wishful thinking. He wanted to know the exact gift that would best earn the child's trust when he met her later that day. And the plain import of the exchange shows that he wanted to use the candy to help facilitate the sexual encounter with her.

Baird's subsequent actions further demonstrate that he intended to carry through with his plan if given the chance. Baird arranged a location and time to meet persons he believed to be the ten-year-old girl and her father. He confirmed by text message—and thus by interstate commerce as required by § 2422(b)—that he would purchase the agreed-upon gift while en route to the meeting place. Then, as final evidence of his previously communicated intent, Baird drove to the address and brought the very gift he had discussed— the gummy candy, which FBI agents found in the front seat of his car.

Considered in its totality, this evidence suffices for an attempt conviction under § 2422(b). Baird not only made his sexual desires clear but also inquired into what kind of gift he could acquire to win enough of the child's favor and confidence to permit a sexual encounter. See *United States v. Gladish*, 536 F.3d 646, 649 (7th Cir. 2008) (recognizing "purchasing a gift" as a "preparatory step[ ]" in a § 2422(b)-enticement case). A reasonable trier of fact could infer from these communications that Baird intended to use the gummy bear candy to induce and entice the child into permitting sexual contact. Considered as a whole, all of this shows that Baird took a substantial step toward completion of the offense and intended to influence the minor to submit to sexual activity had law enforcement not arrested him.

C

We need not go any further. Oral argument illuminated the difficult line drawing issues that can arise in these child-enticement intermediary cases, especially when little is said between the defendant and the adult intermediary. Our peers have similarly grappled with defining these lines. See, *e.g.*, *United States v. Waqar*, 997 F.3d 481, 487 (2d Cir. 2021) (examining the relevance of the defendant's intent versus the victim's intent); *United States v. Vinton*, 946 F.3d 847, 853 (6th Cir. 2020) (considering whether liability can attach when "enlisting an adult intermediary to persuade the minor"); *United States v. Hite*, 769 F.3d 1154, 1166–67 (D.C. Cir. 2014) (discussing how "intend[ing] to persuade an adult to *cause* a minor to engage in unlawful sexual activity" is broader than the conduct criminalized in § 2422(b)); see also *United States v. York*, 48 F.4th 494, 500 (7th Cir. 2022) (discussing the legal difference between indirect communication through an intermediary and direct communication with the minor).

Baird's case, however, does not require us to parse and define these lines any further. As we first explained in *McMillan*, we have heeded the "narrowest interpretation" of § 2422(b) when affirming attempted enticement convictions premised on intermediary communications. 744 F.3d at 1036; see also *Hosler*, 966 F.3d at 692. We do so again today and break no new ground.

With these closing observations, we AFFIRM Baird's conviction.